IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRANDON RAFFERTY,

   Plaintiff,

v.

GIANT EAGLE MARKETS, INC., et al.,

   Defendants.

Case No. 2:17-CV-617

Judge Edmund A. Sargus

## STIPULATED PROTECTIVE ORDER

The parties to this Stipulated Protective Order have agreed to the terms of this Order, accordingly, it is ORDERED:

1. **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosures for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. The Order is also subject to the Court's Local Rules and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation.** A party may designate documents as protected and restricted in disclosure under this Order by placing or affixing the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation.

Documents shall be designated CONFIDENTIAL or ATTORNEYS' EYES ONLY prior to or at the time of the production or disclosure of the documents.

3. **Documents Which May be Designated CONFIDENTIAL.** Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL.

The parties may agree only in writing to withdraw the designation of CONFIDENTIAL. If a party notifies the opposing party in writing that it disputes the confidentiality designation of a document, the party challenging the designation of the document as CONFIDENTIAL shall bear the burden of going forward to move the Court to resolve the issue after the parties have attempted to resolve their dispute in good faith. The document in question will remain subject to the confidentiality provisions of this Order until the court rules on the designation of the document

4. **Documents Which May be Designated ATTORNEYS' EYES ONLY.**
Any party may designate as ATTORNEYS' EYES ONLY documents that contain trade secrets or private, confidential or commercially sensitive information with respect to any party, employee or former employee of Defendant The Tamarkin Company, and/or other non-parties. The term "trade secrets" as used herein means information

that derives economic value, actual or potential, from not being generally known to other persons who can obtain competitive advantage or economic value from its disclosure or use. "Trade secrets" as used herein also means sensitive financial information integral to the business operations of a party for which the party has a demonstrably compelling interest in avoiding disclosure. Designation of information as "ATTORNEYS' EYES ONLY" means that the information is also designated as "CONFIDENTIAL," as defined in this Order.

5. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL, pending objection, under the terms of this Order.

6. **Protection of Confidential Material.**

(a) **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties or any other person identified in ¶6(b) or 6(c) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

(b) **Limited Third-Party Disclosures of CONFIDENTIAL documents.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of

3

persons may be allowed to review documents that have been designated CONFIDENTIAL.

 (1) **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

 (2) **Parties.** Parties and employees of a party to this Order.

 (3) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

 (4) **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

 (5) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(c) Limited Third-Party Disclosures of ATTORNEYS' EYES ONLY documents.** The parties and counsel for the parties shall not disclose or permit the disclosure of any ATTORNEYS' EYES ONLY documents to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated ATTORNEYS' EYES ONLY.

 **(1) Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

 **(2) The Court.** The Court and its employees, including court reporters.

 **(3) Experts.** Independent experts, witnesses or consultants (including their employees or clerical assistants) who are employed, retained or otherwise consulted by counsel or a party to this Action for the purpose of analyzing data, providing opinions to assist in this Action, or otherwise assisting in the prosecution or defense of this Action.

 **(4) Author of Document.** Persons who are shown on the face of the document to have been an author, source, addressee, or recipient of the Protected Information.

 **(5) Other.** Any other person to whom the Producing Party gives prior, written consent.

**(d) Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**(e) Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**(f) Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be treated pursuant to the terms of this Protective Order if:

(1) the disclosure of the document or information without the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation is inadvertent; and

(2) the disclosing party promptly took reasonable steps to rectify the error, including but not limited to notifying the recipient of the document or information that the document or information should be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

7. **Filing of CONFIDENTIAL or ATTORNEYS' EYES ONLY Documents Under Seal.** The Court highly discourages the manual filing of any pleadings or documents under seal. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL or ATTORNEYS' EYES ONLY, then the brief, memorandum or pleading shall refer to the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

(a) Before any document marked as CONFIDENTIAL or ATTORNEYS' EYES ONLY is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL or ATTORNEYS' EYES ONLY to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

(b) Where agreement is not possible or adequate, before a CONFIDENTIAL or ATTORNEYS' EYES ONLY document is filed with the Clerk, it

shall be placed in a sealed envelope marked "CONFIDENTIAL," displaying the case name, docket number, a designation of what the document is, the name of the party in whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope. A copy of any document filed under seal shall also be delivered to the judicial officer's chambers.

**(c)** To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the pleadings, a public and confidential version. The public version shall contain a redaction of references to CONFIDENTIAL or ATTORNEYS' EYES ONLY documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above. A copy of the unredacted pleading also shall be delivered to the judicial officer's chambers.

**(d)** If the Court or a particular judicial officer has developed an alternative method for the electronic filing of documents under seal, then the parties shall follow this alternative method and shall not file any documents or pleadings manually with the Clerk of Court.

8. **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL or ATTORNEYS' EYES ONLY designation is subject to challenge by any party or non-party with standing to object (hereinafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection

by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and nature of the agreement.

9. **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be by motion or any other procedure set forth in the presiding judge's standing order or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

10. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL or ATTORNEYS' EYES ONLY documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (<u>i.e.,</u> by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL or ATTORNEYS' EYES ONLY documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11. Obligations on Conclusion of Litigation.

   (a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   (b) **Return of CONFIDENTIAL or ATTORNEYS' EYES ONLY Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order, including copies as defined in ¶ 6(e), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL or ATTORNEYS' EYES ONLY documents.

   (c) **Return of Documents Filed Under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel

for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**12. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

**13. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**14. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*SO ORDERED.*

_____ 9-29-2017
The Honorable Edmund A. Sargus

**WE SO MOVE/STIPULATE
AND AGREE TO ABIDE BY THE TERMS OF THIS ORDER**

/s/ Matthew Bruce
Matthew Bruce (0083769)
THE SPITZ LAW FIRM, LLC
25200 Chagrin Blvd., Suite 200
Beachwood, Ohio 44122
Phone: 216.291.4744
Fax:    216.291.5744
Email: Matthew.Bruce@spitzlawfirm.com


Attorney for Plaintiff
BRANDON RAFFERTY

/s/ Bonita L. Kristan
Bonita L. Kristan (0073465)
Alex R. Frondorf (0087071)
LITTLER MENDELSON, P.C.
A Professional Corporation
1100 Superior Avenue, 20th Floor
Cleveland, OH 44114
Telephone: 216.696.7600
Facsimile: 216.696.2038
Email: bkristan@littler.com
       afrondorf@littler.com

Attorneys for Defendants
THE TAMARKIN COMPANY
and AMY TIMMONS

# ATTACHMENT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **BRANDON RAFFERTY,** | : |
| Plaintiff, | : |
| | : Case No. 2:17-CV-617 |
| v. | : |
| | : Judge Edmund A. Sargus |
| **GIANT EAGLE MARKETS, INC., et al.,** | : |
| | : **ACKNOWLEDGEMENT OF** |
| Defendants. | : **UNDERSTANDING AND** |
| | : **AGREEMENT TO BE BOUND** |

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name:_____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____        _____
                                  Signature

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 27, 2017, the foregoing *Proposed Stipulated Protective Order* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Bonita L. Kristan
Bonita L. Kristan

One of the Attorneys for Defendants
THE TAMARKIN COMPANY and AMY TIMMONS

Firmwide:150021958.1 056010.1212